1  DANIEL G. BOGDEN
   United States Attorney
2  NANCY J. KOPPE
   Assistant United States Attorney
3  333 Las Vegas Boulevard South
   Suite 5000
4  Las Vegas, Nevada 89101
   (702) 388-6336/Fax: (702) 388-6698
5

```
FILED
AUG -9 2011
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY
```

6

## UNITED STATES DISTRICT COURT

7

## DISTRICT OF NEVADA

8

-oOo-

9

10  UNITED STATES OF AMERICA          )
                                      )
11              Plaintiff,            )      2:10-cr-00254-KJD-GWF
                                      )
12      vs                            )      **PLEA MEMORANDUM**
                                      )
13  TREVOR GREENE,                    )
                                      )
14              Defendant.            )
    ──────────────────────────────────)

15

16      The United States, by and through Daniel G. Bogden, United States Attorney, and

17  Nancy J. Koppe, Assistant United States Attorney, Trevor Greene ("defendant") and defendant's

18  attorney, Robert Draskovich, Esq., submit this plea memorandum.

19                                  I.

20                          PLEA AGREEMENT

21      The United States and defendant have reached the following plea agreement, which is

22  not binding on the Court:

23  **A.    The Plea**

24      Defendant will plead guilty to the indictment, charging Coercion and Enticement, in

25  violation of Title 18, United States Code, Section 2422(b).

26  . . . .

1   **B.    Additional Charges**

2         The United States Attorney's Office for the District of Nevada ("United States") will

3   bring no additional charge or charges against defendant arising out of the investigation in the District

4   of Nevada which culminated in this Plea Memorandum.

5   **C.    Sentencing Guideline Calculations**

6         Defendant understands that the Court is required to consider United States Sentencing

7   Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's

8   sentence.    Defendant understands that the Sentencing Guidelines are advisory, and that after

9   considering the Sentencing Guidelines, the court may be free to exercise its discretion to impose any

10  reasonable sentence up to the maximum set by statute for the crimes of conviction.

11        The parties agree to the following calculations of the Sentencing Guidelines:

12             1.    The Base Offense Level is 28. (§ 2G1.3(a)(3)); and

13             a.    A 2 level upward adjustment applies because the offense involved the

14  use of a computer or an interactive computer service to persuade, entice, induce or coerce a minor to

15  engage in prohibited sexual conduct.  (§ 2G1.3(b)(3)(A)).

16             2.    Pursuant to USSG §3E1.1(a), the United States will recommend that defendant

17  receive a three-level adjustment for acceptance of responsibility unless defendant (a) fails to make a

18  complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the Court or

19  probation officers; (c) denies involvement in the offense or provides conflicting statements regarding

20  defendant's involvement; (d) attempts to withdraw the guilty plea; (e) engages in criminal conduct;

21  (f) fails to appear in court; or (g) violates the conditions of pretrial release.

22             3.    Defendant agrees  that the Court may consider any counts dismissed under this

23  agreement, along with all other relevant conduct whether charged or uncharged,  in determining the

24  applicable sentencing guidelines range, the propriety and extent of any departure from that range, and

25  the determination of the sentence to be imposed after consideration of the sentencing guidelines and

26  all other relevant factors.

1    4.    Defendant's Criminal History Category will be determined by the Court.

2  **D.    Other Sentencing Matters**

3    1.    The defendant will seek neither a downward departure pursuant to U.S.S.G.

4  5K1.1 nor a downward adjustment pursuant to 18 U.S.C. 3553 from the sentence that the parties have

5  agreed to recommend to the Court.

6    2.    The parties will jointly recommend that defendant be sentenced to 10 years

7  imprisonment, and lifetime supervised release, unless defendant commits any of the acts that could

8  result in a loss of the downward adjustment for acceptance of responsibility.

9    3.    Defendant has been advised, and understands, that under the Sex Offender

10  Registration and Notification Act, a federal law, defendant must register and keep the registration

11  current in each of the following jurisdictions: where defendant resides; where defendant is an

12  employee; and where defendant is a student.  Defendant understands that the requirements for

13  registration include providing defendant's name, defendant's residence address, and the names and

14  addresses of any places where defendant is or will be an employee or a student, among other

15  information.  Defendant further understands that the requirement to keep the registration current

16  includes informing at least one jurisdiction in which defendant resides, is an employee, or is a student

17  not later than three business days after any change of defendant's name, residence, employment, or

18  student status.  Defendant has been advised, and understands, that failure to comply with these

19  obligations subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. §

20  2250, which is punishable by a fine or imprisonment, or both.  Defendant understands that by pleading

21  guilty, defendant will be required to register as a sex offender upon his release from prison as a

22  condition of supervised release pursuant to 18 U.S.C. §3583(d).  Defendant also understands that

23  independent of supervised release, he will be subject to federal and state sex offender registration

24  requirements, and that those requirements may apply throughout his life.  The defendant understands

25  that he shall keep his registration current, shall notify the state sex offender registration agency or

26  agencies of any changes to defendant's name, place of residence, employment, or student status, or

3

other relevant information. Defendant shall comply with requirements to periodically verify in person

his sex offender registration information.  Defendant understands that he will be subject to possible

federal and state penalties for failure to comply with any such sex offender registration requirements.

Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law

enforcement agencies upon his release from confinement following conviction.

       4.     As a condition of supervised release, defendant shall initially register with the

state sex offender registration in Nevada, and shall also register with the state sex offender registration

agency in any state where defendant resides, is employed, works, or is a student, as directed by the

Probation Officer. The defendant shall comply with all requirements of federal and state sex offender

registration laws, including the requirement to update his registration information.  Defendant shall

provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

       5.     The parties agree that the Guideline calculations are based on information now

known and could change upon investigation by the United States Probation Office. It is possible that

factors unknown or unforeseen by the parties to the plea agreement may be considered in determining

the offense level, specific offense characteristics, and other related factors.  In that event, defendant

will not withdraw defendant's plea of guilty.

       6.     The stipulations in this agreement do not bind either the United States Probation

Office or the Court.  Both defendant and the United States are free to: (a) supplement the facts by

supplying relevant information to the United States Probation Office and the court, and  (b) correct

any and all factual misstatements relating to the calculation of the sentence.

**E.    Fines and Special Assessment**

       1.     Defendant agrees that the court may impose a fine due and payable immediately

upon sentencing.

       2.     Defendant will pay the special assessment of $100 per count of conviction at

the time of sentencing.

. . . .

4

**F.   Waiver of Appeal**

1.      In exchange for the concessions made by the United States in this plea agreement, defendant knowingly and expressly waives the right to appeal any sentence of 10 years, further waives the right to appeal the manner in which that  sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives the right to appeal any other aspect of the conviction or sentence, including any order of restitution.  Defendant also waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.  Defendant reserves only the right to appeal any portion of the sentence that is higher than 10 years.

2.      Notwithstanding the stipulations in this agreement, the parties are free to argue on appeal and collateral review that the court's sentencing guidelines calculations are not error. However, each party agrees to maintain its view that the calculations in section C are consistent with the facts of this case.

**G.   Deportation/Removal Consequences of Guilty Plea**

Defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this plea memorandum.

**H.   Additional Promises, Agreements, and Conditions**

1.      In exchange for the United States entering into this agreement, defendant agrees that (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against defendant under Fed.R.Evid. 801(d)(2)(A) in the following circumstances: (1) for any purpose at sentencing; and (2) in any subsequent proceeding, including a trial in the event defendant does not plead guilty or withdraws defendant's guilty plea, to impeach or rebut any evidence, argument or representation offered by or on defendant's behalf; and (b) defendant expressly waives any and all rights under

1  Fed.R.Crim.P. 11(f) and Fed.R.Evid. 410 with regard to the facts set forth in Section IV of the Plea

2  Agreement to the extent set forth above.

3        2.     The parties agree that no promises, agreements, and conditions have been

4  entered into other than those set forth in this plea memorandum, and will not be entered into unless

5  in writing and signed by all parties.

6  **I.   Limitations**

7        This Plea Agreement is limited to the United States Attorney's Office for the District

8  of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or regulatory

9  authority. However, this Plea Memorandum does not prohibit the United States through any agency

10 thereof, the United States Attorney's office for the District of Nevada, or any third party from

11 initiating or prosecuting any civil proceeding directly or indirectly involving defendant, including but

12 not limited to, proceedings under the False Claims Act relating to potential civil monetary liability or

13 by the Internal Revenue Service relating to potential tax liability.

14 **II.**

15 **PENALTY**

16       1.     The penalty for violating Title 18, United States Code, Section 2422(b) is not

17 less than ten (10) years imprisonment and not more than lifetime imprisonment, a fine of not more

18 than two hundred fifty thousand dollars ($250,000), or both. Defendant understands that he cannot

19 and will not receive a sentence of less than 10 years imprisonment.

20       2.     Defendant is subject to supervised release for life.

21       3.     Supervised release is a period of time following imprisonment during which

22 defendant will be subject to various restrictions and requirements. Defendant understands that if

23 defendant violates one or more of the conditions of any supervised release imposed, defendant may

24 be returned to prison for all or part of the term of supervised release, which could result in defendant

25 serving a total term of imprisonment greater than the statutory maximum stated above.

26

4.      Defendant must pay a special assessment of one-hundred ($100) for each count of conviction.

5.      Defendant is required to pay for the costs of imprisonment, probation, and supervised release, unless defendant establishes that defendant does not have the ability to pay such costs, in which case the court may impose an alternative sanction such as community service.

## III.

## ELEMENTS

The essential elements for the crime of Coercion and Enticement, Title 18, United States Code, Section 2422(b), are the following:

1.      The defendant, using the mail or any facility or means of interstate or foreign commerce;

2.      Knowingly persuaded, induced, enticed, or coerced, or attempted to knowingly persuade, induce, entice or coerce;

3.      Any individual who has not attained the age of 18 years;

4.      To engage in any sexual activity for which any person can be charged with a criminal offense.

## IV.

## FACTS THAT SUPPORT GUILTY PLEA

1.      Defendant is pleading guilty because defendant is guilty of the charged offense.

2.      In pleading to the offense(s), defendant acknowledges that if defendant elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish defendant's guilt beyond a reasonable doubt.

3.      Defendant specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct:

4.      On May 18, 2010, Henderson Police Department (HPD) Detective Wayne Nichols initiated an undercover investigation. He went onto Craigslist.com, under the casual

encounter section. He found an ad, posted by defendant Trevor Greene, that stated the poster was seeking a "cutie" to "hook up" with. The ad even stated "Younger the better." Detective Nichols responded to the ad, in an undercover capacity as a 14-year old girl. He said he was replying to the poster's Craigslist ad, and asked if the poster wanted to "kick it" with someone a little younger. Detective Nichols then received an e-mail back from defendant, using the e-mail address dbtrevor@gmail.com, asking how old, and whether the girl had a picture.

5.     Detective Nichols said that the girl was 14, and that she had some pictures, and asked defendant if he had any. In response, defendant e-mailed a picture of himself. Detective Nichols provided a photo of an officer that has been forensically regressed to the age of 14. On several occasions throughout the chats, Detective Nichols refered to the girl's young age.

6.     During the correspondence, defendant said that he had a girlfriend and that they could not go back to his residence. At one point, he suggested going to a park. He also asked the "girl" to tell him about her sex life. He asked her if she was a virgin and if there was anything she really enjoyed doing sexually. He told her that he would use protection because he already has a child and is not looking for another. During the first conversation, defendant stated that he "hooked up" with a 15-year old when he was 19. He said, "I love younger."

7.     On May 19, 2010, the two engaged in a text conversation. Defendant asked the girl if she would perform oral sex on him. He even suggested that she perform oral sex on him while he's driving a car.

8.     On May 24, 2010, defendant asked the girl, "Would it be weird to you if we did shit with my baby sleeping in her carseat?" Detective Nichols said, "ummm i guess not but wat if he wakes up?" In response, defendant said, "I really don't think she would. She's kind of a hard sleeper. You'd have to be ok with being on top of me in the passenger seat while she's in the back." He also said that he would bring condoms. On May 26, 2010, defendant arrived as planned at the meet location and was arrested without incident. During his post-*Miranda* interview, he eventually offered a full confession.

9.    Defendant used a facility of interstate commerce to communicate with the girl. Defendant was over 18years old during the time that all of these events occurred.  It is a crime in Nevada for a person over the age of 18 to engage in sexual acts that defendant told the girl they would engage in, with a 14-year old.

## V.

## ACKNOWLEDGMENT

1.    Defendant, acknowledges by defendant's signature below that defendant has read this Memorandum of Plea Agreement, that defendant understands the terms and conditions, and the factual basis set forth herein, that defendant has discussed these matters with defendant's attorney, and that the matters set forth in this memorandum, including the facts set forth in Part IV above are true and correct.

2.    Defendant acknowledges that defendant has been advised, and understands, that by entering a plea of guilty defendant is waiving, that is, giving up, certain rights guaranteed to defendant by law and by the Constitution of the United States.  Specifically, defendant is giving up:

a.    The right to proceed to trial by jury on the original charges, or to a trial by a judge if defendant and the United States both agree;

b.    The right to confront the witnesses against defendant at such a trial, and to cross-examine them;

c.    The right to remain silent at such trial, with such silence not to be used against defendant in any way;

d.    The right, should defendant so choose, to testify in defendant's own behalf at such a trial;

e.    The right to compel witnesses to appear at such a trial, and to testify in defendant's behalf; and

f.    The right to have the assistance of an attorney at all stages of such proceedings.

3.     Defendant, defendant's attorney, and the attorney for the United States acknowledge that this Plea Memorandum contains the entire agreement negotiated and agreed to by and between the parties, and that no other promise has been made or implied by either defendant, defendant's attorney, or the attorney for the United States.

DANIEL G. BOGDEN
United States Attorney

8/9/11
DATED

NANCY J. KOPPE
Assistant United States Attorney

7/25/11
DATED

TREVOR GREENE, Defendant

7/28/11
DATED

ROBERT DRASKOVICH, ESQ.
Counsel for Defendant